Craig Borison, Esq. (SBN 248387)
Borison Law
468 North Camden Drive
Ste 200-90416
Beverly Hills, CA 90210
Telephone: (818) 256-5449
craig@borisonlaw.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Kenneth Wong, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Bob's Discount Furniture, LLC, | |
| Defendant | Jury Trial Demanded |

Plaintiff Kenneth Wong ("Plaintiff") by attorneys, alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1. Bob's Discount Furniture, LLC ("Defendant") markets, promotes, and sells furniture with added protection plans known as "Goof Proof."

**GOOF PROOF
PROTECTION PLAN**

1

**CLASS ACTION COMPLAINT**

2. Defendant describes Goof Proof as "the best way to protect your investment from a wide variety of accidents for 5 years."

3. Protection against accidents is the function of insurance, even though Goof Proof is self-described as a service contract.

4. A service contract is defined as a contract for "services relating to the maintenance, replacement, or repair of consumer goods and may include provisions for incidental payment of indemnity under limited circumstances, including, but not limited to, power surges, food spoilage, or accidental damage from handling." Cal. Bus. & Prof. Code § 9855(a).

5. An example of a service contract is where an automobile manufacturer agrees to repair or replace car parts should they fail or break down within a specified period, i.e., 5 years or 50,000 miles.

6. However, Defendant's sale of discount furniture with added coverage only for accidental damage falls outside of a typical service contract.

7. Whether damage occurred as the result of an accident or normal use is necessarily subjective.

8. Defendant denies claims based on customer misuse, even where that misuse may have occurred unintentionally, and is unexpected or unforeseen, which is the definition of an accident.

9. The documents containing the full terms for Goof Proof do not provide information related to the distinction between customer misuse and accidental damage.

10. Goof Proof excludes coverage related to accidental damage if that damage is considered to be "general wear & tear."

11. In reality, Goof Proof does not protect the furniture purchased by Bob's customers.

12. The lengthy list of exclusions is only disclosed to purchasers after purchasing Goof Proof, when he received the full agreement by mail or email.

13. In other words, consumers saw the agreement only after he purchased Goof Proof.

14. The full Goof Proof contract was riddled with exclusions.

2

CLASS ACTION COMPLAINT

15. The most common reason for denial of claims is because the claimant cannot identify the specific cause of the event which caused the damage.

16. In these circumstances, the denial is categorized as based on customer misuse or "wear and tear."

17. However, given that most Goof Proof claims are filed within three years of purchase, this is not enough time for the items to degrade by themselves.

18. Defendant classifies rips, tears, breaks and punctures as defects, which is another exclusion.

19. Defendant regularly denies claims if a customer cannot identify the exact date within a 30-day period when a stain or damage occurred.

20. Not noticing a stain or damage on the day it occurred is a common circumstance, especially if the furniture is used by other persons within a household and not exclusively by the person who purchased Goof Proof.

21. Additionally, if there is more than one marking or puncture on the furniture, the claim can be denied on the basis that the item was "misused."

22. However, it is not expected that a customer would submit a claim for the most minor and less visible markings or tears.

23. Defendant Bob's and Defendant Guardian regularly deny claims based on the issue being categorized as "accumulated [stains/tears/etc]," "frame defects," "repetitive" or "preventable."

24. Customers submit pictures of the items for which coverage is sought, and Defendant identifies other markings or rips, even in other areas of the furniture, and deny claims on this basis.

25. Defendant has not reasonably defined what types of stains, rips, etc., are "excessive" and the application of this criteria results in denial of valid claims.

26. When consumers submit claims, they face long waits to speak with representatives, are told he will be contacted by someone, and no one calls back.

27. Calls by consumers are often disconnected because the representatives are evaluated on the length of their calls with claimants.

28. Customers must navigate confusing endless circular phone trees which lead to being disconnected.

### A. PLAINTIFF'S EXPERIENCE WITH GOOF PROOF

29. On March 23, 2019, Plaintiff purchased a Jaxon sofa/chair combo for $749.00, and Goof Proof for $129.99, at Bob's Discount Furniture, 19800 Hawthorne Blvd, Torrance CA 90503.

30. During the sales process, representatives of Defendant offered Goof Proof plan as an additional purchase.

31. In June 2020, Plaintiff submitted claims for his Jaxon sofa and chair, because the chair arm became deformed and/or warped and the seat cushions had suffered loss of resiliency and was assigned claim number 7335648.

32. Defendant denied his claim with respect to the chair's arm, stating that:

> The plan you purchased from Bobs does cover your furniture for frames however your plan states all damages must be relatable to an accidental occurrence. While we understand that this damage occurred from a single incident, the incident is not classified as a customer caused accident. The damage that you have reported to your furniture occurred during normal use of the item.

33. Defendant's denial of the claim on the chair's arm because it was "not classified as a customer caused accident" even though it "occurred from a single incident" "during normal use of the item" disregards that the breakage occurred due to the underlying faulty frame of the chair.

34. To the extent coverage was denied based on damage occurring during "normal use" of the chair, this is equivalent to a wear and tear exclusion.

35. However, that the damage occurred a little over a year after Plaintiff purchased the item means Plaintiff did not have it long enough for legitimate wear and tear to occur.

36. Defendant's reliance on limitations of the policy swallows up the insuring provisions.

37. Defendant denied Plaintiff's claim related to the loss of foam resiliency, stating that:

> The damage you have reported is not eligible for coverage under your protection plan. The plan you purchased from Bobs does cover your furniture for various damages to your furniture however your plan states foam loss is specifically excluded from coverage.

38. The exclusion based on loss of foam resiliency was only listed in the agreement Plaintiff received after he already purchased Goof Proof, which means relying on that provision to deny coverage is prohibited.

39. The claims were denied on the basis that the damage caused was due to the normal or intended use of the items and not an accidental occurrence.

40. This is equivalent to a "wear and tear" exclusion in most insurance policies.

41. The purpose of a wear and tear clause is to let the covered party know that the agreement will not provide coverage for things that reach their natural life span.

42. State regulations require that Defendant has the "burden of proving that a claim is not covered by a service contract." Ca. Ins. Code § 12850(a).

43. Defendant failed to meet its burden that Plaintiff's claims were not covered by Goof Proof, because the terms in the agreement are not defined or otherwise allow it to deny coverage to all or substantially all claims.

44. Plaintiff purchased Goof Proof believing it would provide coverage to the furniture for accidental damage and "goofs" that caused such damage, whether through his actions or failures in manufacturing of the items.

45. Plaintiff reasonably relied to his detriment on what Defendant's sales representatives told him about Goof Proof, that it would cover accidents and damage of any kind.

46. Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as he have already deceived and misled the Plaintiff and Class Members.

47. Plaintiff was deprived of the benefit of the bargain because he paid for Goof Proof

to cover accidental damage but Defendant relied on exclusions and undefined terms to deny coverage.

## INTRADISTRICT ASSIGNMENT

48. Pursuant to General Order No. 21-01, In the Matter of Assignment of Cases and Duties to District Judges, and Rule I.B.1.a.(1)(c), this Action should be assigned to the Western Division.

49. This assignment is because 50% or more of the plaintiffs in this action reside in this District and within the Western Division, in Los Angeles County, and the case is not assignable to the Southern Division pursuant to Rule I.B.1.a.(1)(c)(1).

## PARTIES

50. Plaintiff Kenneth Wong is a citizen of Gardena, Los Angeles County, California.

51. Plaintiff purchased a Jaxon sofa and chair combination for $749.00 and Goof Proof for $129.99 on March 23, 2019, at Bob's Discount Furniture, 19800 Hawthorne Blvd, Torrance CA 90503, for personal or household use.

52. During the sales process, representatives of Defendant offered Goof Proof plan as an additional purchase and assured him that Goof Proof would cover any possible damage.

53. Plaintiff asked what Goof Proof plan would cover and was told it would cover any issues which come up for five years and relied on this representation in purchasing it.

54. Plaintiff believed and expected Goof Proof would provide protection of his purchase from accidental damage through repair, replacement, or maintenance, with assurances by sales representatives that Goof Proof would cover virtually anything that went wrong with the covered item.

55. Defendant Bob's Discount Furniture is a Delaware limited liability company with its principal place of business in Manchester, Connecticut, Hartford County.

56. Defendant is one of the fastest growing furniture chains in the nation.

6

CLASS ACTION COMPLAINT

57. This is due to its promise of quality items at fair prices.

58. However, Defendant makes most of its profits not through furniture, but through sale of Goof Proof plans.

59. Defendant's sales personnel receive bonuses for the number of Goof Proof plans sold and are rewarded based on their success.

60. This creates an incentive to give consistently false assurances about the coverage provided.

61. Defendant's reputation is built on consumer trust that its products will be reliable, and function in the manner promised and advertised.

62. Defendant capitalizes on this consumer trust when selling Goof Proof coverage.

63. Plaintiff would not have purchased Goof Proof if he knew its exclusions would be used to swallow up coverage.

64. Goof Proof was worth less than what Plaintiff paid, and he would not have paid as much, or anything, absent Defendant's false and misleading statements and omissions.

65. Plaintiff would purchase a service contract or extended warranty if it were drafted so that denial of coverage would not automatically follow submission of a claim.

## JURISDICTION AND VENUE

66. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)(A).

67. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

68. Plaintiff Kenneth Wong is a citizen of California.

69. Defendant Bob's Discount Furniture, LLC is a Massachusetts limited liability company with a principal place of business in Manchester, Hartford County, Connecticut.

70. The sole member of Defendant is BDF Acquisition Corp., a Delaware corporation with a principal place of business in Manchester, Hartford County, Connecticut.

71. The class of persons Plaintiff seeks to represent includes persons who are citizens

7

CLASS ACTION COMPLAINT

of different states from which Defendant is a citizen

72. The members of the class Plaintiff seeks to represent are more than 100, because Goof Proof has been sold in this State for many years, with the representations described here, at dozens of Defendant's stores in the States covered by Plaintiff's proposed classes.

73. Venue is in the Western Division in this District because a substantial part of the events or omissions giving rise to these claims occurred in Los Angeles County, including Plaintiff's purchase and/or use of Goof Proof and awareness and/or experiences of and with the issues described here.

## CLASS ACTION ALLEGATIONS

74. Plaintiff brings this proposed class action pursuant to Fed. R. Civ. P. Rule 23, on behalf of himself, and all others similarly situated, defined below:

> **California Class**: All citizens of California who purchased Goof Proof for personal or household use within the statutory period (the "Class").

75. Excluded from the Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

76. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors, all persons who make a timely election to be excluded from the Class, the judge to whom the case is assigned and any immediate family members thereof, and those who assert claims for personal injury.

77. The members of the Class are so numerous that joinder is impracticable.

78. Defendant sold Goof Proof to no less than tens of thousands of persons.

79. The Class consists of tens of thousands of persons, and joinder is impracticable.

80. Common questions of law or fact predominate and include whether Defendant's representations and omissions were and are misleading and if plaintiff and class members are entitled to injunctive relief and damages.

81. Plaintiff's claims and his basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and omissions with respect to Goof Proof's accidental damage coverage.

82. Plaintiff sustained damages from Defendant's wrongful conduct, of the precise type Defendant promised he would not.

83. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced in litigating complex class actions.

84. Plaintiff has no interests which conflict with those of the Class.

85. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

86. Plaintiff anticipates this Court can direct notice to the Class, by publication in major media outlets and the Internet.

87. A class action is superior to other available methods for adjudication of this controversy, since individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

88. The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate equitable relief with respect to the Class as a whole.

## FIRST CLAIM
### Violation of Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200 et seq.

89. Plaintiff incorporates all preceding paragraphs.

90. Defendant's conduct constitutes an unfair business act and practice pursuant to California Business & Professions Code §§ 17200, et seq. (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business

practices and unfair, deceptive, untrue or misleading advertising . . . ."

91. Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

92. Defendant's conduct was and continues to be unfair and fraudulent because it made materially false representations and omissions.

93. Defendant made representations that Goof Proof would cover accidental damage when Goof Proof did not cover all accidental damage.

94. Defendant is aware that its representations and omissions about Goof Proof were and continue to be false and misleading.

95. Defendant had an improper motive—to derive financial gain at the expense of accuracy or truthfulness—in its practices related to the marketing and advertising of Goof Proof.

96. Additionally, when consumers submit claims about their furniture under Goof Proof, Defendant denies coverage without conducting a reasonable investigation.

97. Defendant's misrepresentations of material facts also constitute an "unlawful" practice because he violate the laws and regulations cited herein, as well as the common law.

98. As a result of these business acts and practices, Plaintiff and members of the Class, are entitled to an Order enjoining Defendant's future wrongful conduct and such other Orders and judgments that may be necessary to disgorge any ill-gotten gains and to restore to any person in interest any money paid for Goof Proof as a result of the wrongful conduct.

## SECOND CLAIM
**Violations of the False Advertising Law,
Cal. Bus. & Prof. Code §§ 17500 et seq.**

99. Plaintiff incorporates all preceding paragraphs.

100. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services,

professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

101. Defendant committed acts of false advertising, as defined by §§ 17500, et seq., by misrepresenting that Goof Proof would cover all types of accidental damage.

102. Defendant knew or should have known through the exercise of reasonable care that these representations for Goof Proof were false, misleading and/or deceptive.

103. Consumers, including Plaintiff, were the intended targets of such representations.

104. As a result of Defendant's conduct, Plaintiff suffered damages because:

    a. he would not have purchased Goof Proof on the same terms, or at all, if he knew it did not cover accidental damage as represented;

    b. he paid a price premium for Goof Proof based on Defendant's misrepresentations; and

    c. Goof Proof does not have the characteristics, attributes, features, uses, benefits, or abilities as promised, namely the accidental damage coverage.

105. Plaintiff was damaged in the full amount of the purchase price of Goof Proof or in the difference in value between Goof Proof as warranted and Goof Proof as actually sold.

## THIRD CLAIM
### Violations of the Consumer Legal Remedies Act,
### Cal. Civ. Code §§ 1750 et seq.

106. Plaintiff incorporates all preceding paragraphs.

107. Plaintiff is a "consumer[s]," as defined in Civil Code section 1761(d).

108. Defendant is a "person," as defined in Civil Code section 1761(c).

109. Goof Proof constitutes a "good," as defined in Civil Code section 1761(a).

110. The purchase of Goof Proof by Plaintiff was a "transaction" within the meaning of

Civil Code section 1761(e).

111. Defendant's representations and omissions concerning the quality, attributes, features, benefits and effectiveness of Goof Proof were false and/or misleading.

112. Defendant's practices, acts, and course of conduct in marketing and selling Goof Proof were and are likely to mislead a reasonable consumer acting reasonably under the circumstances to their detriment.

113. Defendant's false and misleading representations and omissions were designed to, and did, induce the purchase and use of Goof Proof for personal, family, or household purposes by Plaintiff, and violated and continue to violate sections of the CLRA, including but not limited to:

    a. In violation of Civil Code § 1770(a)(5), Defendant represented that Goof Proof had characteristics, attributes, features, capabilities, uses, benefits, and qualities it does not have;

    b. In violation of Civil Code § 1770(a)(9), Defendant advertised Goof Proof with an intent not to sell Goof Proof as advertised; and

    c. In violation of Civil Code § 1770(a)(16), Defendant represented the subject of the transaction – Goof Proof – had been supplied in accordance with its previous representations, when it was not.

114. Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Goof Proof to unwary consumers.

115. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

116. Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff will send a CLRA Notice to Defendant concurrently with the filing of this action or shortly thereafter, which details and includes these violations of the CLRA, demand correction of these violations, and provide the opportunity to correct these business practices.

117. If Defendant does not correct these business practices, Plaintiff will amend or seek leave to amend the Complaint to add claims for monetary relief, including restitution and actual damages under the CLRA.

118. If Defendant does not correct these business practices, Plaintiff will request injunctive relief and ask that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780.

## FOURTH CLAIM
### Breach of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose and Violation of the Magnusson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. ("MMWA")

119. Plaintiff incorporates all preceding paragraphs.

120. Goof Proof was sold as a product to insure Plaintiff's furniture against damage and loss and expressly and impliedly warranted that it would cover accidental damage through repair, replacement, or maintenance, with assurances by sales representatives that Goof Proof would cover virtually anything that went wrong with the covered item.

121. The Magnuson Moss Warranty Act includes specific requirements for service contracts, which Defendant violated.

122. Defendant directly marketed Goof Proof to Plaintiff and consumers through its advertisements and marketing, through various forms of media, in print circulars, direct mail, and targeted digital advertising.

123. Defendant knew Goof Proof attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

124. Defendant's representations about Goof Proof were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it would provide protection of one's purchase from accidental damage through repair, replacement, or maintenance, with assurances by sales representatives that Goof Proof would cover virtually anything that went wrong with the covered item.

125. Defendant had a duty to disclose and/or provide non-deceptive descriptions and

marketing of Goof Proof.

126. This duty is based on Defendant's outsized role in the market for discount furniture, where a purchaser is more likely to buy the added coverage because of possible doubts as to the quality of the items.

127. Plaintiff recently became aware of Defendant's breach of Goof Proof's warranties.

128. Plaintiff provided or will provide notice to Defendant, its agents, representatives, retailers, and their employees.

129. Plaintiff hereby provides notice to Defendant that it breached the express and implied warranties associated with Goof Proof.

130. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

131. Goof Proof did not conform to its affirmations of fact and promises due to Defendant's actions.

132. Goof Proof was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact in its marketing, because it was marketed as if it would provide protection of one's purchase from accidental damage through repair, replacement, or maintenance, with assurances by sales representatives that Goof Proof would cover virtually anything that went wrong with the covered item.

133. Goof Proof was not merchantable because Defendant had reason to know the particular purpose for which Goof Proof was bought by Plaintiff, because he expected it would provide protection of one's purchase from accidental damage through repair, replacement, or maintenance, with assurances by sales representatives that Goof Proof would cover virtually anything that went wrong with the covered item, and he relied on Defendant's skill and judgment to select or furnish such a suitable Goof Proof.

134. Plaintiff would not have purchased Goof Proof or paid as much if the true facts had

been known, suffering damages.

## FIFTH CLAIM
### Bad Faith Insurance Denial

135. Plaintiff incorporates all preceding paragraphs.

136. Insurance is defined as a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event.

137. Goof Proof purported to cover damages caused by fortuitous events, which constitutes insurance.

138. By purchasing Goof Proof, Plaintiff was protecting his purchase – or investment – against future accidents.

139. Defendant breached the implied covenant of good faith and fair dealing by withholding benefits under Goof Proof without cause.

140. This is because the terms of Goof Proof allowed Defendant to exclude any claim based on a nebulous distinction between customer misuse and accidental damage.

141. Defendant's records, and those of its agents, advise its adjustors to deny claims based on customer misuse, even where they identify an accidental occurrence.

142. In so doing, Defendant frustrated the purpose of the Goof Proof policy, to the detriment of Plaintiff.

143. There was no genuine dispute as to Plaintiff's coverage under Goof Proof because Defendant universally and unreasonably, with minimal to no investigation, concluded that accidents were distinct from customer misuse.

## SIXTH CLAIM
### Unjust Enrichment

144. Plaintiff incorporates all preceding paragraphs.

145. Plaintiff conferred upon Defendant a non-gratuitous payment for Goof Proof.

146. Defendant retained these payments and has been unjustly enriched.

## JURY DEMAND AND PRAYER FOR RELIEF

Plaintiff demands a jury trial on all causes of action so triable.

WHEREFORE, Plaintiff, on behalf of himself and the Proposed Class, prays for judgment and relief on all of the legal claims as follows:

A. Certification of the Class, certifying Plaintiff as representative of the Class, and designating Plaintiff's counsel as counsel for the Class;

B. A declaration that Defendant has committed the violations alleged herein;

C. For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, et seq. and Cal Civ. Code § 1780, except for monetary damages under the CLRA;

D. For declaratory and injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, et seq. and 17500, et seq.;

E. For damages, declaratory and injunctive relief pursuant to California Civil Code § 1780, except for monetary damages under the CLRA;

F. An award of compensatory damages, the amount of which is to be determined at trial, except for monetary damages under the CLRA;

G. For punitive damages;

H. For interest at the legal rate on the foregoing sums;

I. For attorneys' fees;

J. For costs of suit incurred; and

K. For such further relief as this Court may deem just and proper.

Dated:   June 20, 2022

Respectfully submitted,

/s/   Craig Borison
Craig Borison, Esq. (SBN 248387)
Borison Law
468 North Camden Drive
Ste 200-90416

**CLASS ACTION COMPLAINT**

Beverly Hills, CA 90210
Telephone: (818) 256-5449
craig@borisonlaw.com

Spencer Sheehan (Pro Hac Vice forthcoming)
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck, NY 11021
Telephone: (516) 268-7080
Facsimile: (516) 234-7800
spencer@spencersheehan.com

Steffan T. Keeton (Pro Hac Vice forthcoming)
The Keeton Firm LLC
100 S Commons Ste 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
stkeeton@keetonfirm.com

17

**CLASS ACTION COMPLAINT**