HOLLAND & KNIGHT LLP
Robert M. Shaw (*pro hac vice* application pending)
Christina T. Tellado (State Bar No. 298597)
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail:  *robert.shaw@hklaw.com*
         *chrstina.tellado@hklaw.com*

Attorneys for Defendant
*Bob's Discount Furniture, LLC*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| KENNETH WONG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOB'S DISCOUNT FURNITURE, LLC,<br><br>Defendants. | Case No.: 2:22-cv-04220-DSF-JEM<br><br>Hon. Dale S. Fischer<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS**<br><br>Date: November 7, 2022<br>Time: 1:30 P.M.<br>Place: 350 West 1st Street<br>  Los Angeles, CA 90012<br>  Courtroom 9C, 9th Floor |

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT at 1:30 P.M. on Monday, November 7, 2022 at 350 West 1st Street, Courtroom 7D, Los Angeles, California 90012, Defendant Bob's Discount Furniture, LLC ("BDF") will move for dismissal with prejudice pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-14 (the "FAA").

Plaintiff Kenneth Wong ("Plaintiff") entered into two written agreements to arbitrate this dispute under the auspices of the American Arbitration Association ("AAA"). These agreements included a class action waiver. Accordingly, the FAA requires that Plaintiff be ordered to proceed with individual (*i.e.*, non-class) arbitration. 9 U.S.C. § 3.

In accordance with Local Rule 7-3, counsel for defendant Bob's Discount Furniture states that it conferred with counsel for the Plaintiff on August 30, 2022, but was unable to reach agreement concerning the instant motion.

This Motion is based upon this Notice of Motion and the attached Memorandum of Points and Authorities, the accompanying declarations and exhibits, the anticipated Reply brief, and any other briefing or evidence that the Court may request or the parties may submit.

                                          */s/ Christina T. Tellado*
                                          HOLLAND & KNIGHT LLP
                                          Robert M. Shaw
                                          Christina T. Tellado
                                          Attorneys for Defendant
                                          *Bob's Discount Furniture, LLC*

Dated: September 6, 2022

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Bob's Discount Furniture, LLC ("BDF") respectfully submits this Memorandum of Points and Authorities in Support of its foregoing Motion to Compel Individual Arbitration and Dismiss pursuant to the FAA.

As explained below, Plaintiff Kenneth Wong ("Plaintiff") should be compelled to arbitrate this dispute on an individual (e.g., non-class) basis because he entered into two written agreements containing arbitration provisions and class action waivers. 9 U.S.C. § 3. This case should then be dismissed with prejudice or, in the alternative, stayed pending the outcome of the arbitration. *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014) ("notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration.").

This is the third putative class action that Plaintiff's counsel Spencer Sheehan has filed against BDF asserting essentially the same claims. The other two cases have already been ordered into arbitration. *See* pp., 4, *infra*. The Court should reach the same result here.

## II. FACTUAL BACKGROUND

### A. PLAINTIFF'S CLAIMS

This case arises out of Plaintiff's March 23, 2019 purchase of a sofa, a chair, and a "Goof Proof" service contract from BDF.[1] Dkt. 1, ¶ 29. The Complaint alleges that, in June 2020, Plaintiff submitted a Goof Proof claim "because the chair arm

---

[1] BDF is only the seller of Goof Proof contracts, it is not a party to them. They are administered by a non-party administrator (here, Guardian Protection Products, Inc.) on behalf of a non-party obligor (here, Continental Casualty Company). BDF accordingly reserves its right to move pursuant to Fed. R. Civ. P. 12(b)(7) and 19 if necessary. *See* Fed. R. Civ. P. 12(h)(2) (providing that a defendant need not raise failure to join necessary and indispensable parties in a motion to dismiss, but can elect to preserve the issue and raise it in a subsequent motion for judgment on the pleadings).

became deformed and/or warped and the seat cushions had suffered loss of resiliency." *Id.*, ¶ 31. This claim was denied on the grounds that Goof Proof contracts cover only accidental damage, not product defects. *Id.*, ¶¶ 31-33. While all BDF furniture comes with a one-year product defect warranty, that warranty expired by the time Plaintiff made his claim. *Id*. In addition, the claim concerning loss of foam resilience was denied because Good Proof contracts specifically exclude loss of foam resiliency. *Id.*, ¶ 37.

The Complaint also makes vague and inconsistent allegations that unspecified BDF sales representatives assured Plaintiff that Goof Proof would cover "any issues which come up" including "accidents and damage of any kind." *Id.*, ¶¶ 45, 53. It then quickly backtracks by alleging in multiple subsequent paragraphs that the sales representatives assured Plaintiff that "Goof Proof would cover *virtually* anything that went wrong with the covered item." *Id.*, ¶¶ 54, 124 (emphasis added). It also criticizes Goof Proof service contracts themselves, generally alleging that they are "riddled with exclusions." *Id.*, ¶¶ 14.

On this basis, Plaintiff sues on behalf of a putative class consisting of "[a]ll citizens of California who purchased Goof Proof for personal or household use within the statutory period." *Id.*, ¶ 74. The six counts purport to state claims on the following theories (1) the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.), (2) the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq*.), (3) the Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq*.), (4) express and implied warranties and the Magnusson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq*.), (5) bad faith claims practices, and (6) unjust enrichment.

### B. PLAINTIFF'S AGREEMENTS TO ARBITRATE

Plaintiff entered into two agreements that require him to arbitrate this dispute.

First, he signed the purchase order attached to the accompanying Declaration of Dean Lotufo (the "Lotufo Dec.") as <u>Exhibit A</u> (the "Purchase Order"). That document includes the following provision:

> **RESOLUTION OF DISPUTES:** Any and all claims and/or disputes between you and Bob's arising out of and/or related to this agreement, any products and/or services sold and/or purchased through Bob's, and/or any performance of any services related to this agreement must be resolved exclusively by final and binding arbitration before a single arbitrator pursuant to the rules of the American Arbitration Association ("AAA"). The parties shall split the costs of arbitration and each party shall bear its own legal fees. This does not change your substantive rights, rather just the potential forums where your disputes can be resolved. This agreement to arbitrate includes all disputes regardless of their nature, whether legal or equitable, and whether sounding in tort, contract, statute, regulation, or otherwise. Arbitration is different. There is no judge or jury, but the arbitrator can award damages and relief. Your agreement to arbitration results in your knowing and voluntary waiver of any rights to maintain other available resolution processes, such as court actions or administrative proceedings. And, you specifically waive your legal right to go to court and have any dispute heard by a judge or jury. Further, you and Bob's agree that each of us may bring claims against the other only on an individual basis and not as a plaintiff or class member in any purported class, or representative or private attorney general action or proceeding. Unless both you and Bob's agree otherwise, the arbitrator may not consolidate or join more than one person's or party's claims, and may not otherwise preside over any form of a consolidated, representative, class, or private attorney general action or proceeding.

Lotufo Dec., Ex. A, p. 8. On a prior page, the agreement bears Plaintiff's signature and the statement "I acknowledge that the information on the above page(s) is accurate **and that I have read and agree to the sale terms on the following page**." *Id.*, p. 2 (emphasis added).

In addition, Plaintiff was sent the Goof Proof terms and conditions attached to the Lotufo Dec. as Exhibit B (the "Good Proof Contract"). That agreement contains an arbitration provision stating, in relevant part:

> **Arbitration:**
> If we cannot resolve any disputes with you related to the Plan, including claims, you and we agree to resolve those

3
DEFENDANT'S MOTION TO COMPEL
INDIVIDUAL ARBITRATION AND DISMISS AND MEMORANDUM IN SUPPORT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

> disputes through binding arbitration or small claims court instead of through courts of general jurisdiction. Further, you and we agree to waive our rights to a trial by jury and not to participate in any class arbitrations or class actions. This Plan is evidence of a transaction in interstate commerce and the Federal Arbitration Act applies to and governs the enforcement of any arbitration hereunder. The provisions of this Arbitration section shall survive the termination of this Plan. YOU AND WE UNDERSTAND AND AGREE THAT, BECAUSE OF THIS PROVISION, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO GO TO COURT EXCEPT AS PROVIDED ABOVE OR TO HAVE A JURY TRIAL OR TO PARTICIPATE AS ANY MEMBER OF A CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM. The arbitration shall take place before a panel of three arbitrators which shall be selected in accordance with American Arbitration Association Rule R-13. Each of the arbitrators must have at least ten years of full-time work experience or equivalent part-time experience in the commercial insurance industry in a corporate risk management department, with a commercial liability insurer, with a commercial insurance broker, as a lawyer representing insurers or insureds with respect to commercial insurance matters or as a state or federal court judge who has handled multiple cases involving commercial insurance disputes. Any award made may be enforced in any court having jurisdiction. All arbitration shall take place in Chicago, Illinois unless otherwise agreed upon.

Lotufo Dec., Ex. B, p. 5.

### C. PRIOR RELATED ACTIONS AND RULINGS.

On December 25, 2020, Plaintiff's counsel Spencer Sheehan filed a putative class action against BDF in the United States District Court for the Southern District of New York making scattershot allegations concerning Goof Proof service contracts. *Renal Glover v. Bob's Discount Furniture, LLC*, No. 20-cv-10924-JGK (S.D.N.Y.). Then, on April 4, 2022, he filed another putative class action in the United States

District Court for the Northern District of Illinois making strikingly similar allegations concerning Goof Proof service contracts. *Robert Potthoff v. Bob's Discount Furniture, LLC*, No. 22-cv-01722 (N.D.Ill.).

As shown on the orders attached as <u>Exhibit C and D</u> to the accompanying Declaration of Robert Shaw ("Shaw Dec."), the named plaintiffs in both of these cases have been ordered to arbitrate their claims. The only exception is Ms. Renell (a/k/a "Renal") Glover in the New York action, whose purchase pre-dated the addition of arbitration provisions in BDF's standard terms and conditions and in the Goof Proof service contract itself. Her claims were dismissed for having failed to state a claim upon which relief can be granted.

## III. ARGUMENT

The FAA requires the Court to compel arbitration where (1) there is a valid agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement to arbitrate. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Both criteria are easily met here.

### A. STANDARD OF REVIEW

The FAA "reflects an 'emphatic federal policy' in favor of arbitration." *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 932 (9th Cir. 2013) (reversing and remanding partial denial of motion to compel, directing all claims to arbitration and staying action). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see also Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (If a valid arbitration agreement exists, "the court must order the parties to proceed to arbitration ... in accordance with the terms of their agreement"). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 938 (9th Cir.

2013) (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

The Court may examine evidence outside the pleadings on a motion to compel arbitration. *See Regents of Univ. of Cal. v. Japan Sci. & Tech. Agency*, No. CV 14-04419 MMM (CWx), 2014 WL 12690187, at *3 n.24 (C.D. Cal. Oct. 16, 2014) (collecting cases).

### B. PLAINTIFF ENTERED INTO TWO VALID AGREEMENTS TO ARBITRATE

The threshold question for this Court is whether Plaintiff entered into an agreement to arbitrate. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). He entered into two.

#### i. Plaintiff Expressly Agreed to The Purchase Order's Terms.

Plaintiff was provided with BDF's standard terms and conditions as part of his purchase of furniture and a Goof Proof service contract. He signed the Purchase Order affirming that he "read and agree[d] to the sale terms on the following page." Lotufo Dec., Ex. A, p. 2. Those terms include an arbitration provision and class action waiver. *Id.*, p. 8. Plaintiff had the option of canceling the transaction at any time prior to the delivery of his furniture, but he opted not to do so. *Id.*; *see also* Dkt. 1.

By signing a contract, a party "is deemed to assent to all its terms." *Randas v. YMCA of Metro. L.A.*, 17 Cal. App. 4th 158, 163 (1993) (citation and internal quotation marks omitted). "No law requires that parties dealing at arm's length have a duty to explain to each other the terms of a written contract, particularly where, as here, the language of the contract expressly and plainly provides for the arbitration of disputes arising out of the contractual relationship." *Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674 (1996) (citation and internal quotation marks omitted).

### ii. Plaintiff Accepted the Goof Proof Contract Through His Conduct.

Plaintiff was also mailed a copy of the Goof Proof Contract that he purchased from BDF. Lotufo Dec., ¶ 6, Ex. B. It contains both an arbitration provision and class action waiver. *Id.*, Ex. A. The agreement gives California residents sixty (60) days to cancel and receive a full refund. *Id.*, Ex. B, pp. 4-5. Plaintiff does not claim to have exercised this option. *See generally* Dkt. 1. Instead, he accepted the benefit of coverage against accidental damage to his furniture. *Id.*

As the Supreme Court explained, contracts are valid where the terms are sent to the consumer after purchase and not objected to within a specified period. In *Carnival Cruise Lines, Inc. v. Shute*, for example, two passengers purchased tickets for a seven-day cruise. 499 U.S. 585, 587 (1991). The cruise line mailed the passengers their tickets, which included a forum-selection clause. *Id*. The Supreme Court deemed the clause enforceable, remarking that "[c]ommon sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have bargaining parity with the cruise line." *Id*. at 593.

Likewise, this Court has enforced arbitration clauses when a customer purchased a product over the phone, subsequently received a customer agreement containing the clause, and did not return the product or cancel the service within a specified time period. *Wright v. Sirius XM Radio Inc.*, No. SACV1601688JVSJCGX, 2017 WL 4676580, at *5 (C.D. Cal. June 1, 2017) (consumer purchased a subscription to the Sirius satellite radio service and was held to arbitration agreement contained in the "Welcome Kit" mailed to him); *Lozano v. AT & T Wireless*, 216 F. Supp. 2d 1071, 1074 (C.D. Cal. 2002), *vacated on other grounds*, No. CV02–00090WJRAJWX, 2003 WL 25548566 (C.D. Cal. Aug. 18, 2003); *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1105–06 (C.D. Cal. 2002). A California Court of Appeal has likewise enforced an arbitration agreement when the defendant mailed

7
DEFENDANT'S MOTION TO COMPEL
INDIVIDUAL ARBITRATION AND DISMISS AND MEMORANDUM IN SUPPORT

the terms following the initial transaction. *Chau v. Pre–Paid Legal Servs.*, Inc., No. B270277, 2017 WL 604721, at *3 (Cal. Ct. App. Feb. 15, 2017) (*citing Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1148 (7th Cir. 1997).

BDF is only the seller of Proof Contracts, it is not a party to them. Accordingly, the Goof Proof Contract runs between the plaintiff, a non-party that administers the contract, and a non-party obligor. *See* n.1, *supra*. Equitable estoppel nonetheless requires that the claims against BDF be arbitrated. It requires a plaintiff to arbitrate a claim against a nonsignatory to an agreement where the claims asserted against the nonsignatory are dependent upon, or founded in and inextricably intertwined with, the underlying contractual obligations of the agreement containing the arbitration clause. *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 217–18, 92 Cal. Rptr. 3d 534, 540 (2009). That is unquestionably the case here. Among other claims, Plaintiff is alleging that BDF misled consumers by selling Goof Proof service contacts that did not provide adequate coverage and are supposedly "riddled with exclusions." Dkt. 1, ¶ 14. These claims are necessarily founded in, and inextricably intertwined with, the terms of the Goof Proof Contract itself, thus Plaintiff should be held to agreement to arbitrate "any disputes… related to the [Goof Proof] Plan." Lotufo Dec., Ex. B, p. 5.

### iii. Plaintiff Will Be Unable to Meet His Burden of Demonstrating Unconscionability.

As he did in the related New York and Illinois cases (*see* pp, 4, *supra*.), Plaintiff's counsel will undoubtedly argue that the agreements to arbitrate are unconscionable. It will be Plaintiff's burden to show unconscionability. *Arguelles–Romero v. Superior Ct.*, 184 Cal.App.4th 825, 836 (2010). He will be unable to meet this burden.

"A contract is enforceable unless it is both procedurally and substantively unconscionable." *Robison v. City of Manteca*, 78 Cal.App.4th 452, 458 (2000) (emphasis added). The contracts at issue here are neither.

"Procedural unconscionability requires an inequality in bargaining power <u>accompanied</u> by lack of disclosure of material provisions" *Id*. at 459 (emphasis added). There was no lack of disclosure here. The Purchase Order terms and conditions are on a single page of plainly worded text. Lotufo Dec., Ex. A, p. 8. Plaintiff acknowledged with his signature that he had "read and agree[d] to the sale terms" in the Purchase order, showing that they were disclosed to him. *Id.*, Ex. A, p. 2. Likewise, The Goof Proof Contract contains only a few general provisions. Lotufo Dec., Ex. B, pp. 4-5. Both agreements call attention to their arbitration provisions through the use of bold headings. Lotufo Dec., Ex. A, p. 8 ("**RESOLUTION OF DISPUTES:**"); Lotufo Dec., Ex. B, p. 5 ("**Arbitration:**").

In the absence of procedural unconscionability, the Court "need not consider substantive unconscionability" since both are required to invalidate an agreement. *Robison,* 78 Cal.App.4th at 458. In any event, substantive unconscionability only prevents enforcement of terms "that are so one-sided as to 'shock the conscience,' or that impose harsh or oppressive terms." *24 Hour Fitness, Inc. v. Superior Court,* 66 Cal.App.4th 1199, 1213 (1998). Even when unconscionable provisions are found in arbitration provisions, this Court typically severs them and compels arbitration. *Cuadras v. MetroPCS Wireless, Inc.,* No. CV 09-7897 CAS AJWX, 2011 WL 11077125, at *12 (C.D. Cal. Aug. 8, 2011) (Fischer, J.) (compelling arbitration after severing unconscionably non-mutual language that would have allowed a defendant to litigate certain claims in court); *Hunter v. Kaiser Found. Health Plan, Inc.*, 434 F. Supp. 3d 764, 779 (N.D. Cal. 2020) (compelling arbitration after severing two substantively unconscionable provisions).

### C. THIS DISPUTE IS WITHIN THE SCOPE OF THE ARBITRATION PROVISIONS.

This case falls squarely within the scope of both arbitration provisions. The Purchase Order requires arbitration of "[a]ny and all claims and/or disputes between you and Bob's arising out of and/or related to this agreement, any products and/or

services sold and/or purchased through Bob's, and/or any performance of any services related to this agreement." Lotufo Dec., Ex. A, p. 8. The Goof Proof Contract requires arbitration of any dispute "related to the [Goof Proof] plan." Lotufo Dec., Ex. B, p. 5. This is a case relating to a Goof Proof plan purchased from BDF, so it falls within the ambit of both provisions.

### D. Plaintiff Should Be Ordered to Individual, Non-Class Arbitration.

The Supreme Court explained that arbitration agreements prevent class actions — in both court and arbitration — unless the agreement specifically opts-into the class action mechanism. *Lamps Plus v. Varela*, 139 S. Ct. at 1416 (2019) *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 686-87 (2010) (no class arbitration in absence of express consent); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348-50 (2011) (noting class proceedings require procedural formalities not available in arbitration, Congress did not contemplate class arbitration when enacting the FAA, and class arbitration would raise serious Due Process concerns given arbitration proceedings' private nature). Here, the agreements specifically opt-out of class action treatment, so the Court should order Plaintiff to arbitrate his claims on an individual basis. Lotufo Dec., Ex. A, p. 8; Lotufo Dec., Ex. B, p. 5.

### IV. CONCLUSION

For all of the reasons explained above, Defendant Bob's Discount Furniture, LLC respectfully requests that this Honorable Court enter an Order compelling Plaintiff Kenneth Wong to arbitrate his claims on an individual basis. The Court should then dismiss this action or, in the alternative, stay it pending the outcome of the arbitration.

|  |  |
|---|---|
|  | */s/ Christina T. Tellado* |
|  | HOLLAND & KNIGHT LLP |
|  | Robert M. Shaw |
|  | Christina T. Tellado |
|  | Attorneys for Defendant |
|  | *Bob's Discount Furniture, LLC* |

Dated: September 6, 2022